IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARNOLD RAY MANANSALA                    Case No. 3:14-cv-00983-MA

                   Petitioner,          OPINION AND ORDER

        v.

MARION FEATHER, Warden, FCI
Sheridan,

                   Respondent.

HANNAH R. HORSFALL
6594 S.W. Firlock Way, Apt. 1
Portland, OR 97223

        Attorney for Petitioner

NATALIE K. WIGHT
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave, Suite 600
Portland, OR 97204

        Attorney for Respondent

MARSH, Judge

        Petitioner Arnold Ray Manansala, an inmate in the custody of

the Federal Bureau of Prisons (BOP), currently housed at the

Federal Correctional Institution (FCI) in Sheridan, Oregon, brings

this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

1 - OPINION AND ORDER

2241.    For    the    reasons    set    forth    below,    the    court    lacks
jurisdiction and this proceeding is dismissed.

## BACKGROUND

On March 31, 2010, petitioner was convicted of conspiracy to
defraud the United States and conspiracy to commit money laundering
in the United States District Court for the Northern District of
Florida (Pensacola Division).    The sentencing judge adopted a Pre-
Sentence Investigation Report that contained a recommended 22-point
enhancement under the U.S. Sentencing Guidelines (Guidelines) for
the total amount of loss, and a six-point enhancement based on the
number of victims.    On July 29, 2010, petitioner received a below-
Guidelines sentence of 60 months on count 1 (fraud conspiracy) and
84 months on count 2 (money laundering conspiracy), to be served
consecutively for a total of 144 months, plus three years post-
prison supervision.    Petitioner did not directly appeal his
conviction.    Second Amended Petition (#13), ¶ 4.    Petitioner has
not filed a prior petition pursuant to 28 U.S.C. § 2255.    *Id.*

On March 12, 2014, petitioner filed his current § 2241 action
in the Northern District of Florida.    Because petitioner is
incarcerated in Sheridan, Oregon, that court concluded it lacked
jurisdiction to hear petitioner's § 2241 claims, and it transferred
the case to the District of Oregon.

In his current § 2241 action, petitioner contends his Sixth
Amendment rights were violated when the sentencing judge enhanced

2 - OPINION AND ORDER

or increased his sentence based on facts that were not submitted to the jury and found beyond a reasonable doubt. According to petitioner, his sentence is illegal under *Southern Union Co. v. United States,* 132 S. Ct. 2344 (2012) and *United States v. Alleyne*, 133 S. Ct. 2151 (2013). Petitioner maintains that application of the enhancements without the necessary fact finding by the jury violates his Sixth Amendment Due Process rights. Second Amended Petition (#13) ¶¶ 25-27.

Respondent moves to dismiss the petition because it is a disguised § 2255 action. Respondent contends that petitioner has failed to demonstrate that his action falls within the § 2241 "escape hatch" or "savings clause," and therefore, the court lacks jurisdiction and dismissal is appropriate. Respondent is correct.

## DISCUSSION

### I.    Petitioner's § 2241 Action is a Disguised § 2255 Action

As an initial matter, I must determine whether petitioner's action is a disguised § 2255 or whether he is entitled to bring his claims pursuant to § 2241.[1] *Muth v. Fondren*, 676 F.3d 815, 818

---

[1]The law of the case does not control the Northern District of Florida's characterization of petitioner's action as a § 2241. The transferor court did not engage in any analysis of whether petitioner's action was properly brought under § 2241 or § 2255, or the escape hatch, prior to transferring the case to the District of Oregon. Response to 2241 Habeas Petition (#18) Ex. 5. Accordingly, this court now undertakes the appropriate analysis. *Muth v. Fondren*, 676 F.3d 815, 818-19 & n.3 (9th Cir. 2012).

(9th Cir. 2012); *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Section 2255 typically provides the exclusive procedural mechanism for a federal prisoner to challenge the legality of his detention.  *Muth*, 676 F.3d at 818; *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

However, § 2255 provides an exception:  a federal prisoner may file a § 2241 petition to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This exception is referred to as the "savings clause" or the "escape hatch."  *Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n. 2.  A prisoner may file a § 2241 petition under the savings clause when he "'(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural

shot at presenting that claim.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)(quoting Stephens, 464 F.3d at 898).

Petitioner fails to meet these requirements. First, petitioner fails to set forth a cognizable claim of actual innocence under § 2255(e). In order to utilize the savings clause, petitioner must establish that in light of all the evidence, "'it is more likely than not that no reasonable juror would have convicted him.'" *Muth*, 676 F.3d at 819 (quoting Stephens, 464 F.3d at 898). Petitioner must demonstrate actual innocence, not mere legal insufficiency. *Marrero*, 682 F.3d at 1193 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Here, petitioner asserts that the Guidelines were misapplied to the calculation of his sentence. Petitioner has introduced no new facts or evidence tending to show that he is factually innocent of his crimes of conviction. Thus, petitioner's challenge to the enhancements is a purely legal argument and does not fall within the savings clause of § 2255(e). *Marrero*, 682 F.3d at 1193 (petitioner's contention that he was not a career offender under the Guidelines did not satisfy claim of actual innocence under § 2255(e)); see, e.g., *Frank v. Banks*, No. CV 10-08535 JAK (SS), 2011 WL 3477096, *3 (C.D. Cal. July 15, 2011), *adopted*, 2011 WL 3476602 (Aug. 9, 2011)(holding petitioner's challenge to sentence did not satisfy savings clause because he did not claim to be actually innocent and collecting cases holding same).

5 - OPINION AND ORDER

Second, petitioner has failed to demonstrate that he lacked an unobstructed opportunity to challenge his sentence. In determining this issue, the court must consider whether the legal basis for his claim arose after he had exhausted his direct appeal and first § 2255 motion, and whether the law changed in any way relevant to his first § 2255 motion. *Harrison*, 519 F.3d at 960. Petitioner has failed to establish the second prong of the savings clause criteria.

Petitioner concedes that he did not directly appeal his conviction, and he has not filed a previous § 2255 motion. Petitioner offers no rationale to support a contention that he was somehow prevented from timely pursuing his claims. Generally, "merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition," does not render the § 2255 remedy inadequate or ineffective. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). Thus, simply because petitioner might now be procedurally barred from pursuing a § 2255 action does not satisfy the second prong of the savings clause. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)(holding that § 2255 remedy is not "inadequate or ineffective" because it is barred by the applicable statute of limitations); *accord Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)(a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate).

Furthermore, petitioner's reliance on *Alleyne* and *Southern Union* are misplaced.  In *Alleyne*, the Supreme Court extended the reach of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt.  *Alleyne*, 133 S.Ct. at 2155.  Petitioner maintains that the jury did not find beyond a reasonable doubt the enhancements for actual loss and number of victims which lengthened his sentence, thus rendering his sentence is unlawful under *Alleyne*.

The court need not resolve whether the enhancements applied in petitioner's case comport with *Alleyne* because petitioner has not established that *Alleyne* applies to his case.  The Supreme Court has held that in general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."  *Teague v. Lane*, 489 U.S. 288, 310 (1989).  A new rule can be made retroactive if: (1) the new rule is substantive, or (2) the rule is a "watershed rule" of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.  *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)(internal quotations omitted).  Subsequent to petitioner's filing of this case, the Ninth Circuit determined that *Alleyne* is neither a substantive rule nor a watershed rule of criminal procedure, and therefore, does not apply retroactively.

*Hughes v. United States*, 770 F.3d 814, 817-18 (9th Cir. 2014).
Additionally, this court has determined that *Alleyne* does not apply
retroactively to invoke savings clause jurisdiction.  *See, e.g.,*
*Hasan v. Feather,* Case No. 3:14-cv-00209-TC, 2015 WL 533255, *3-4
(D. Or. Feb. 5, 2015)(holding *Alleyne* does not apply retroactively
to invoke savings clause jurisdiction to challenge sentencing
enhancements); *Pettaway v. Feather*, Case No. 3:14-cv-00994-SI, 2015
WL 128041, *2-3 (D. Or. Jan. 7, 2015)(*Alleyne* does not apply
retroactively to invoke savings clause jurisdiction); *Spears v.*
*Feather,* Case No. 3:13-cv-01743-JE, 2014 WL 2893279 (June 25,
2014)(same).

In *Southern Union*, the Supreme Court held that the rule of
*Apprendi* applies to the imposition of criminal fines. *Southern*
*Union*, 132 S.Ct. at 2357.  Courts have likewise determined that
Southern Union does not apply retroactively.  *See, e.g., United*
*States v. Anderson*, No. 2:01-cr-0180 LKK DAD P., 2014 WL 1839386,
*2 (E.D. Cal. May 8, 2014), *adopted* 2014 WL 3890311 (Aug. 7, 2014).
Clearly, neither *Alleyne* or *Southern Union* aid petitioner.

In short, I conclude that petitioner's action is in essence a
challenge to the legality of his sentence "disguised" as a § 2241.
Because petitioner has failed to demonstrate that he is actually
innocent or that he has not had an unobstructed procedural shot at
presenting his claim, and because petitioner has not established

that *Alleyne* or *Southern Union* apply, he cannot bring his claim
under the savings clause of § 2255(e). Accordingly, petitioner is
not entitled to invoke § 2241, and the petition is dismissed for
lack of jurisdiction.

## II.  **Petition Will Not Be Transferred**

As noted above, petitioner filed this action as a § 2241 in
the United States District Court for the Northern District of
Florida. The sentencing court determined it lacked jurisdiction to
decide the matter as a § 2241, and transferred the action to this
court. However, the interests of justice are not served by
returning this action to the Northern District of Florida. *See* 28
U.S.C. § 1631; *see also Hernandez*, 204 F.3d at 865, n. 6 (28 U.S.C.
§ 1631 allows transfer of § 2255 motion to cure want of
jurisdiction).

At the time petitioner filed the instant § 2255, it was time-
barred. Petitioner was sentenced on July 29, 2010, and his
conviction became final after his opportunity to appeal lapsed.
Petitioner admits he did not file a direct appeal. Under the
AEDPA, petitioner had one year within which to file a § 2255
action. 28 U.S.C. § 2255(f)(providing one year statute of
limitation). Petitioner did not file any action until his § 2241
on March 12, 2014.

Petitioner does not allege any grounds for a delayed
commencement of the statute of limitations or any basis for tolling

of the statute of limitations, nor does my review of the record reveal any such basis. Examples of extraordinary circumstances that prevent timely filing include inadequate prison libraries, a prisoner's lack of access to his files, and egregious attorney misconduct. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005). Petitioner does not allege and the record does not support a finding that extraordinary circumstances impeded his ability to file a § 2255 motion. Additionally, there is no suggestion that Petitioner has been diligently pursuing his rights in this case. Petitioner's motion is time-barred and the circumstances do not justify equitable tolling. Thus, it appears that the instant action filed on March 12, 2014, was well after the statute of limitations expired.

Additionally, a transfer to the Northern District of Florida is not the interests of justice because petitioner has failed to establish that the change in the law under *Alleyne* or *Southern Union* would be applied retroactively. To be sure, the Eleventh Circuit has determined that Alleyne does not apply retroactively to invoke savings clause jurisdiction under § 2255(e). *Chester v. Warden*, 552 Fed. App'x. 887, 891 (11th Cir. 2014). Petitioner has provided no reason to believe that the Northern District of Florida would hold otherwise. *See Gentile v. Fox*, No. CV 14-1726-GAF(RNB), 2014 WL 3896065, *8-9 (C.D. Cal. July 11, 2014)(finding inmate failed to establish jurisdiction under savings clause, *Alleyne* did

10 - OPINION AND ORDER

not apply retroactively, and refusing to transfer case to Northern District of Florida); *see also Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992)("Transfer is also improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case.").

In short, the interests of justice do not warrant transferring petitioner's action to the sentencing court for further proceedings.

## CONCLUSION

For the foregoing reasons, petitioner's Second Amended Petition for Writ of Habeas Corpus (#13) is DISMISSED for lack of jurisdiction. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___/___ day of APRIL, 2015.

Malcolm F. Marsh
United States District Judge

11 - OPINION AND ORDER